IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| STEVENSON KAM, | * | |
| Petitioner, | * | |
| | * | CIVIL ACTION NO. RWT-09-2227 |
| v. | * | |
| JACK KAVANAGH, et al., | * | |
| Respondents. | * | |

## MEMORANDUM OPINION

Awaiting deportation, Stevenson Kam is being held in custody by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"), at the Howard County Detention Center in Maryland. On August 25, 2009, he filed, pro se, his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, claiming that his continued ICE detention violates the dictates of Zadvydas v. Davis, 533 U.S. 678 (2001).

Respondent has filed a Motion to Dismiss Petition Against Certain Respondents[1], which shall be granted, and a Response to the Petition. Paper No. 4. Petitioner has filed a reply, and the Government has responded. Paper Nos. 6 and 7. No oral argument is necessary. See Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the Court will, by separate order, dismiss the Petition as to Respondents Calvin McCormick, George W. Maugans, III, and Janet Napolitano, and shall direct the Government to provide additional information.

---

[1] Jack Kavanagh, Warden of the Howard County Detention Center, is the only proper Respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (proper respondent to pure detention petition for writ of habeas corpus is the person who has immediate custody of the party detained). The Petition shall be dismissed as to all other named Respondents.

1

I.  Background

Petitioner was admitted to the United Sates on or about March 16, 1988, as a lawful permanent resident.  Petitioner was born in Hong Kong and entered the United States while Hong Kong was a dependent territory of the United Kingdom.  Paper Nos. 4 and 5.  On August 12, 1993, he was convicted in the Circuit Court for Montgomery County, Maryland, of murder, robbery with a dangerous and deadly weapon, and use of a handgun in a crime of violence and during the commission of a felony. Paper No. 4, Ex. C.

On April 11, 1995, a Show Cause Order charged Petitioner as deportable from the United States under Section 241(a)(2)(C) of the Immigration and Nationality Act.  On March 13, 1996, the Immigration Judge found Petitioner deportable as charged and ordered Petitioner to be deported to the United Kingdom.  He did not appeal the decision of the Immigration Judge.  Id.

In 1997, Hong Kong's sovereignty was transferred from the United Kingdom to the People 's Republic of China.  Paper No. 5.  Petitioner ceased to be a citizen of the United Kingdom on July 1, 1997, based upon Article 3 of the Hong Kong Order of 1986.  Paper No. 4, Ex. C.

Petitioner was taken into ICE custody on December 8, 2008.  Id.  On December 23, 2008, a request for travel documents was sent to the United Kingdom's Embassy.  The request was denied on January 3, 2009.  Id.

On January 27, 2009, a travel document request was sent to the Embassy of China.  Id. Numerous follow up letters and emails between ICE officials and members of the Embassy of China indicate that the travel document request was received by the Embassy of China on April 14, 2009, and sent to Hong Kong, where it remains under investigation.  Id.

II.  Analysis

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.  In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six month period.  After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

The Court cannot say based on the record before it whether Petitioner's removal is significantly likely in the reasonably foreseeable future.  Petitioner has been in ICE custody for almost one year, and a request for travel documents was first sent to the Peoples' Republic of China in January, 2009.  Respondents indicate that it typically takes six to twelve months for the Peoples' Republic of China to act on travel document requests.  Paper No. 4.  Respondent also indicates that twenty aliens have been repatriated to Hong Kong in the last fiscal year.  Petitioner questions whether the facts and circumstances of those repatriations are similar or different from his unique circumstances and seeks discovery and an evidentiary hearing as to those issues.  Paper No. 5.  The request will be denied without prejudice.  Respondent shall, however, be directed to file a status report within sixty days addressing the status of the issuance of the travel documents.  If travel

documents have not been received at that time, Respondent shall address the likelihood of travel documents being issued in light of (1) Petitioner's violent felony convictions; (2) the Order of deportation directing removal to the United Kingdom: and (3) the status of Petitioner's citizenship.

     A separate Order follows.

November 18, 2009

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
